IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| RC2 CORPORATION; THE FIRST YEARS, INC.; LEARNING CURVE BRANDS, INC.; and MUNCHKIN, INC., | ) ) No. 1:10-cv-6542 ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Arch Specialty Insurance Company ("Arch") brings this complaint for declaratory judgment against Defendants RC2 Corporation ("RC2"), The First Years, Inc. ("First Years"), and Learning Curve Brands, Inc. ("Learning Curve") (collectively "RC2 Defendants"), and against Munchkin, Inc. ("Munchkin"), as set forth more fully below.

**NATURE OF THE ACTION**

1. This action is based on an insurance coverage dispute between Arch and the RC2 Defendants. Pursuant to 28 U.S.C. § 2201, Arch seeks a judicial determination of its rights and duties, if any, under five commercial general liability policies issued to one or more of the RC2 Defendants, as insureds. Specifically, Arch seeks a judicial declaration that the claims for relief alleged in an underlying lawsuit brought by Munchkin against the RC2 Defendants do not fall within the scope of coverage afforded by the insurance policies and/or are otherwise excluded from such coverage.

**PARTIES**

2. Arch is a Nebraska corporation with its principal place of business in New York.

1

3. Arch is informed and believes, and based thereon alleges, that Defendant RC2 is a Delaware corporation with its principal place of business in Illinois.

4. Arch is informed and believes, and based thereon alleges, that Defendant First Years is a Delaware corporation with its principal place of business in Illinois.

5. Arch is informed and believes, and based thereon alleges, that Defendant Learning Curve is a Delaware corporation with its principal place of business in Illinois.

6. Arch is informed and believes, and based thereon alleges, that Defendant Munchkin is a Delaware corporation with its principal place of business in California. Munchkin is the plaintiff in an underlying lawsuit against the RC2 Defendants and, accordingly, is joined as a party to this action for purposes of binding it to the Court's ruling concerning coverage for the underlying lawsuit.

## JURISDICTION AND VENUE

7. There is complete diversity of citizenship between the Plaintiff and each of the Defendants in this action. Additionally, the claims that Munchkin has asserted against the RC2 Defendants in the underlying lawsuit, and for which the RC2 Defendants seek defense and indemnity from Arch, exceed $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction over this dispute under the provisions of 28 U.S.C. § 1332.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(a) and 1391(c). Each of the RC2 Defendants resides in the Northern District of Illinois. In addition, Munchkin transacts business within the Northern District of Illinois, has substantial and continuous contacts within the Northern District of Illinois and is subject to personal jurisdiction within the Northern District of Illinois.

## GENERAL ALLEGATIONS

### The Underlying Action

9. On March 25, 2010, Munchkin filed an original Complaint against the RC2 Defendants, in the United States District Court, for the Central District of California, Case No. CV10-2219-GW (AGRx) ("the underlying action"). In the original Complaint, Munchkin alleged the following claims for relief against the RC2 Defendants: (1) false marking under 35 U.S.C. § 292; (2) defamation per se; (3) unfair competition under Cal. Bus. & Prof. Code § 17200; and (4) unfair competition under the Lanham Act based upon the alleged false markings (15 U.S.C. § 1125). A true and correct copy of the original Complaint is attached as Exhibit F.

10. On April 1, 2010, Arch received a tender of defense and indemnity of the underlying action from the RC2 Defendants.

11. Pursuant to the stipulation of counsel in the underlying action, no answer or other responsive pleading was required to be filed by any of the RC2 Defendants until April 29, 2010.

12. On April 27, 2010, while Arch's investigation and review of the tender of defense and indemnity of the underlying action was still underway, Munchkin amended its operative pleading to omit its claims for relief for defamation per se and unfair competition under Cal. Bus. & Prof. Code § 17200. The First Amended Complaint now alleges the following claims for relief against the RC2 Defendants: (1) false marking under 35 U.S.C. § 292; (2) false advertising under 35 U.S.C. § 292; and (3) unfair competition under the Lanham Act based upon the alleged false markings (15 U.S.C. § 1125). The First Amended Complaint is the operative pleading in the underlying action at this time. A true and correct copy of the First Amended Complaint is attached as Exhibit G.

13. Munchkin and the RC2 Defendants are competitors, who each design, develop, manufacture and distribute children's feeding products, including "sippy cups" that have integrated drinking spouts. The RC2 Defendants' sippy cups are covered by United States and Canadian patents. The RC2 Defendants also sell other children's feeding products that are not covered by their sippy cup patent. According to Munchkin, the RC2 Defendants have deliberately and falsely mismarked these other feeding products with either the sippy cup patent number or with the phrase "Pat. Pending," even though these products do not embody the features of the sippy cup patent and even though there are no pending patent applications for them. Munchkin has also alleged that the false patent marking is deceptive and misleading to the consuming public and that the RC2 Defendants have inappropriately utilized their patents to dissuade competition. The RC2 Defendants have denied each of these allegations.

14. The RC2 Defendants have filed a motion to transfer venue in the underlying action based on the argument that the underlying action is the mirror image of two patent actions pending in Wisconsin. According to the RC2 Defendants' motion to transfer venue, "here [in the underlying action], the core issue is the scope of United States Patent No. 7,185,784," or the 784 Patent, as it is referred to in the underlying action. The RC2 Defendants have advised the Court in the underlying action that while "the identity of the parties has switched, and the underlying legal theories are different," the "core dispute is the same: Munchkin alleges that Learning Curve has adopted a broad interpretation of the scope of the 784 Patent and has improperly 'marked' items as being protected by the 784 Patent when they are not (according to Munchkin) within the scope of the patent."

### The Arch Policies

15. Arch issued five commercial general liability policies which named one or more of the RC2 Defendants as insureds. The Arch Policies are as follows:

a. Commercial General Liability Policy, Policy No. 42DPC1343900, issued by Arch to Racing Champions ERTL Corporation, as named insured, and initially effective from February 11, 2003 to February 11, 2004 ("the 2003 Policy"). By Endorsement No. 16, the named insured was amended to RC2 effective April 10, 2003. The 2003 Policy was cancelled effective August 1, 2003. A true and correct copy of the 2003 Policy is attached as Exhibit A and incorporated herein by this reference.

b. Commercial General Liability Policy, Policy No. 42DPC1343901, issued by Arch to RC2, as named insured, effective from August 1, 2003 to October 1, 2004 ("the 2003-2004 Policy"). A true and correct copy of the 2003-2004 Policy is attached as Exhibit B and incorporated herein by this reference.

c. Commercial General Liability Policy, Policy No. DPC000180500, issued by Arch to RC2, as named insured, and initially effective from October 1, 2004 to October 1, 2005 ("the 2004-2005 Policy"). The 2004-2005 Policy was extended until November 1, 2005. A true and correct copy of the 2004-2005 Policy is attached as Exhibit C and incorporated herein by this reference.

d. Commercial General Liability Policy, Policy No. DPC001097300, issued by Arch to RC2, as named insured, effective from November 1, 2005 to November 1, 2006 ("the 2005-2006 Policy"). Pursuant to Endorsement No. 1, First Years was added as a named insured to the 2005-2006 Policy. A true and correct copy of the 2005-2006 Policy is attached hereto as Exhibit D and incorporated herein by this reference.

    e.  Commercial General Liability Policy, Policy No. DPC001097301, effective from November 1, 2006 to November 1, 2007, issued by Arch to RC2, as named insured ("the 2006-2007 Policy"). Pursuant to Endorsement No. 18, Learning Curve was added as a named insured effective February 2, 2007. A true and correct copy of the 2006-2007 Policy is attached as Exhibit E and incorporated herein by this reference.

  Collectively, these five policies are referred to herein as "the Arch Policies." Collectively, the first four policies are referred to herein as "the earlier Arch Policies."

  16.  The Arch Policies contain a grant of coverage for "bodily injury" and "property damage" caused by an "occurrence," as those terms are defined in the Arch Policies. However, there were no allegations in the original Complaint or First Amended Complaint filed in the underlying action that Munchkin sustained "bodily injury" or "property damage" caused by an "occurrence." For this reason, this coverage part of the Arch Policies has not been implicated in the parties' coverage dispute.

  17.  Subject to all of the other terms, conditions, exclusions, and limitations, the "personal and advertising injury" grant of coverage in the earlier Arch Policies states, in pertinent part, as follows:

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our sole discretion, investigate any offense and settle any claim or "suit" that may result. But:

      * * *

6

    b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed . . . during the policy period.

(Exhibits A through D, "Coverage B Personal and Advertising Injury Liability, at page 7 of 18).

18. Subject to all of the other terms, conditions, exclusions, and limitations, the "personal and advertising injury" grant of coverage in the 2006-2007 Policy states, in pertinent part, as follows:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "personal and advertising injury" to which this insurance applies. We shall have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for any injury or damage to which this insurance does not apply. We may, at our sole discretion, investigate any . . . offense and settle any claim or "suit' that may result.

            \* \* \*

    b.    This insurance applies to:

            \* \* \*

    (2)    "Personal and advertising injury" only if:

            \* \* \*

        (b)    The offense is committed during the "policy period"; and

        (c)    The "personal and advertising injury" commences after the Effective Date of this policy. "Personal and advertising injury" which is a continuation of or arises out of, relates to or results from, in whole or in part, injury that commences before the Effective Date of this policy does not commence after the Effective Date of this policy.

(Exhibit E, Section I - Coverages, Bodily Injury, Property Damage, Personal and Advertising Injury, at page 1 of 24).

19. As used in the insuring agreements in the Arch Policies, "personal and advertising injury" is defined, in pertinent part, as:

> [I]njury . . . arising out of one or more of the following . . . :
>
> a. False arrest, detention or imprisonment;
>
> b. Malicious prosecution;
>
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> e. Oral or written publication of material, in any manner, that violates a person's right of privacy;
>
> f. The use of another's advertising idea in your "advertisement"; or
>
> g. Infringing upon another's copyright, [trade dress] or slogan in your "advertisement".
>
> All "personal and advertising injury" arising out of the same or similar material, regardless of the mode in which such material is communicated, including but not limited to publication by means of internet, extra-net, email or website, will be considered as arising solely out of one offense.

(Exhibits A through D, Section V - Definitions, at pages 16-17 of 18; and Exhibit E, Section V - Definitions, at page 22 of 24).

20. Each of the earlier Arch Policies contains an Intellectual Property Exclusion, which states, in pertinent part, as follows:

> This insurance does not apply to and we will not have the duty to investigate or defend any suit brought against you, or pay any costs or expenses of such investigation and defense for liability, claims, damage or loss arising out of:

8

> any . . . "personal and advertising injury" arising out of or directly or indirectly related to the actual or alleged publication or utterance or oral or written statements which are claimed as an infringement, violation or defense of any of the following rights or laws:
>
> 1. copyright, other than infringement of copyrighted advertising materials;
>
> 2. patent;
>
> 3. trade secrets;
>
> 4. trade dress; or
>
> 5. trade mark or service mark or certification mark or collective mark or trade name, other than trademarked or service marked titles or slogans.

(Exhibit A at Endorsement No. 5; Exhibit B at Endorsement No. 2; Exhibit C at Endorsement No. 16; Exhibit D at Endorsement No. 17).

21. The 2006-2007 Arch Policy contains a similar Intellectual Property Exclusion, which states, in pertinent part, as follows:

> This insurance does not apply to any claim, "suit", demand or loss that alleges:
>
> * * *
>
> . . . "personal and advertising injury" that in any way, in whole or in part, arises out of, relates to or results from the actual or alleged publication or utterance or oral or written statements which are claimed as an infringement, violation or defense of any of the following rights or laws:
>
> (1) copyright, other than infringement in your "advertisement" of copyright or slogan;
>
> (2) patent;
>
> (3) trade secrets;
>
> (4) trade dress; or

9

  (5) trade mark, service mark, certification mark, collective mark or trade name, other than trademarked or service marked titles or slogans.

(Exhibit E, Section I - Coverages, Bodily Injury, Property Damage, Personal and Advertising Injury, Exclusion 2.u., at page 10 of 24).

### The Insurance Claim

  22. The RC2 Defendants tendered the original Complaint in the underlying action to Arch for defense and indemnity on April 1, 2010.

  23. While Arch was still conducting its investigation and analyzing the claims for relief asserted in the original Complaint in light of the coverage afforded by the Arch Policies, Arch discovered the original Complaint had been superseded by a First Amended Complaint filed in the underlying action on April 27, 2010. A comparison of the original Complaint (Exhibit F) with the First Amended Complaint (Exhibit G) revealed that Munchkin had deleted the defamation per se claim for relief and all supporting allegations from its original Complaint. In its First Amended Complaint, Munchkin no longer seeks to recover damages from the RC2 Defendants because of injury caused by defamation.

  24. On October 7, 2010, Arch issued its coverage determination letter to the RC2 Defendants. As set forth in its coverage determination letter, Arch has determined that there is no potential for coverage under the Arch Policies and, therefore, Arch has no duty to defend or indemnify any of the RC2 Defendants in the underlying action.

  25. Arch's coverage determination has been based, in part, on the fact that the claims for relief alleged in the First Amended Complaint do not fall within the basic scope of coverage afforded by the Arch Policies. In particular, the claims for relief alleged in the First

Amended Complaint do not allege "bodily injury, "property damage," or "personal and advertising injury," as required by the insuring agreements in the Arch Policies.

26. In addition, Munchkin's claims for relief, in both the original Complaint and the First Amended Complaint, arise out of, relate to, and/or result from oral or written statements allegedly made in connection with the parties' claimed and/or disputed infringement(s), violation(s), and/or defense(s) of patent rights. Thus, the "personal and advertising injury" alleged in the original Complaint (defamation per se), as well as any general allegations in the First Amended Complaint which could be construed as "personal and advertising injury," fall squarely within the Intellectual Property Exclusions in each of the Arch Policies.

27. Further, Arch is informed and believes that it either owes no contractual obligation to defend and indemnify the RC2 Defendants under the Arch Policies and/or its contractual obligations to the RC2 Defendants are limited for the following reasons: (a) no "personal and advertising injury" offense was committed or first committed during the effective dates of the Arch Policies; (b) the RC2 Defendants do not qualify as insureds under the Arch Policies; (c) coverage is precluded by one or more of the policy exclusions in the Arch Policies; (d) the relief sought by Munchkin in the underlying action does not constitute damages because of injury caused by "personal and advertising injury" arising out of an insured's business; and/or (e) the relief sought by Munchkin in the underlying action does not constitute damages because of "bodily injury" or "property damage" caused by an "occurrence."

## COUNT I

## DECLARATORY JUDGMENT – NO DEFENSE OBLIGATION

28. Arch re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above as though set forth fully herein.

29. An actual controversy has arisen and now exists between Arch, on the one hand, and the RC2 Defendants, on the other hand, concerning their respective rights and obligations under the Arch Policies and applicable law.

30. Arch is informed and believes that the RC2 Defendants contend that the claims for relief alleged against them in the underlying action are potentially within the coverage afforded by the Arch Policies and are not within any of the exclusions contained therein and, therefore, Arch has a duty to defend the RC2 Defendants in the underlying action. Arch disputes these contentions. The claims for relief asserted against the RC2 Defendants in the underlying action do not fall within the insuring agreements of the Arch Policies and/or such claims fall within the exclusions of the Arch Policies and, accordingly, Arch has no duty to defend the RC2 Defendants in the underlying action.

31. Arch desires a judicial determination of its rights and duties under the Arch Policies and applicable law. In particular, Arch seeks a judicial determination from this Court that the claims asserted in the underlying action are not within the coverage afforded by the Arch Policies and/or are excluded by one or more of the exclusions in the Arch Policies and, therefore, Arch has no duty to defend the RC2 Defendants in the underlying action.

## COUNT II

## DECLARATORY JUDGMENT – NO INDEMNITY OBLIGATION

32. Arch re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above as though set forth fully herein.

33. An actual controversy has arisen and now exists between Arch, on the one hand, and the RC2 Defendants, on the other hand, concerning their respective rights and obligations under the Arch Policies and applicable law.

34. Arch is informed and believes that the RC2 Defendants contend that the claims for relief alleged against them in the underlying action are within the coverage afforded by the Arch Policies and are not within any of the exclusions contained therein and, therefore, Arch has a duty to indemnify the RC2 Defendants in connection with the underlying action. Arch disputes these contentions. The claims for relief asserted against the RC2 Defendants do not fall within the insuring agreements of the Arch Policies and/or such claims fall within the exclusions of the Arch Policies and, accordingly, Arch has no duty to indemnify the RC2 Defendants in connection with the underlying action.

35. Arch desires a judicial determination of its rights and duties under the Arch Policies and applicable law. In particular, Arch seeks a judicial determination from this Court that the claims asserted in the underlying action are not within the coverage afforded by the Arch Policies and/or are excluded by one or more of the exclusions in the Arch Policies and, therefore, Arch has no duty to indemnify the RC2 Defendants in connection with the underlying action.

**PRAYER FOR RELIEF**

WHEREFORE, Arch respectfully prays for relief against the RC2 Defendants and Munchkin, as follows:

(A) For a declaratory judgment that there is no potential for coverage under the Arch Policies for any of the claims for relief asserted by Munchkin against the RC2 Defendants in the underlying action and, therefore, Arch has no duty to defend the RC2 Defendants or pay any defense costs on their behalf in connection with the underlying action;

(B) For a declaratory judgment that there is no coverage under the Arch Policies for any of the claims for relief asserted by Munchkin against the RC2 Defendants in the underlying action and, therefore, Arch has no duty to indemnify the RC2 Defendants or pay any settlement on their behalf in connection with the underlying action;

(C) For attorneys' fees and costs; and

(D) For such other relief as the Court deems just and proper.

*/s/ Timothy F. Jacobs*
Timothy F. Jacobs
CLAUSEN MILLER P.C.

Timothy F. Jacobs (Illinois Bar No. 6269993)
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for Arch Specialty Insurance Company

76527.1

14